**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00263-CMA-CBS

MB LIGHT HOUSE, INC.
MEHRAN BAKHTIARI, and
MEHRDAD BAKHTIARI,

    Plaintiffs,

v.

QFA ROYALTIES LLC;
QUIZNO'S FRANCHISING II LLC;
QCE FINANCE LLC f/k/a QCE Parent LLC;
THE QUIZNO'S MASTER LLC;
QIP HOLDER LLC;
TQSC II LLC f/k/a TQSC LLC;
QCE HOLDING LLC;
QZ FINANCE LLC;
QCE INCENTIVE LLC;
QCE LLC;
QUIZNOS FINANCE LLC;
QAFT, INC.;
AMERICAN FOOD DISTRIBUTORS LLC;
SOURCE ONE DISTRIBUTION LLC f/k/a National Restaurant Supply Distribution LLC;
S&S EQUIPMENT COMPANY LLC;
BA-BING! LLC f/k/a Source One Systems LLC;
CHAIN MANAGEMENT SYSTEMS LLC;
KINETIC SOURCING SOLUTIONS LLC f/k/a U.S. Fulfillment LLC;
CONTINENTAL LENDING GROUP LLC;
CLG LEASING LLC;
THE CERVANTES HOLDING COMPANY;
CERVANTES CAPITAL LLC;
CERVANTES MASTER LLC;
RICHARD E. SCHADEN;
RICHARD F. SCHADEN;
PATRICK E. MEYERS;
STEVEN B. SHAFFER;
AVENUE CAPITAL GROUP, LLC;

SYSTEM SERVICES OF AMERICA, INC. f/k/a McCabe's Quality Foods, Inc.;
SERVICES GROUP OF AMERICA, INC.;
McLANE COMPANY, INC.;
FOOD PERFORMANCE GROUP, INC.;
VISTAR CORPORATION; and
JOHN DOES 1–50.,

   Defendants.

# ORDER REMANDING CASE

This matter is before the Court on Plaintiffs' Motion to Remand, filed on February 11, 2013. (Doc. # 13.) For the following reasons, the Court will remand this case to the District Court for the City and County of Denver, Colorado ("Denver District Court").[1]

## I. BACKGROUND

Plaintiff commenced this case by filing their Complaint in the Denver District Court on December 19, 2012. (Doc. # 1-1.) In the Complaint, Plaintiffs bring 28 claims for relief under Colorado statutes and common law, including violations of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 08-17-101 *et seq.*, violations of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq.*, violations of the Civil Theft Act, Colo. Rev. Stat. § 18-4-405 *et seq.*, breach of contract, unjust enrichment, fraud, conspiracy, and negligent misrepresentation. (Doc. # 1-1 at 3-4.) On January 31, 2013, Defendant Patrick E. Meyers ("Meyers") removed this case based upon federal question subject-matter jurisdiction. *See* 28

---

[1] Under the Local Rules for the District of Colorado, a judicial officer may rule on a motion at any time after it is filed. *See* D.C.COLO.LCivR. 7.1.C.

U.S.C. § 1331.  In his Notice of Removal, Meyers concedes that "Plaintiffs' Complaint does not explicitly assert a federal cause of action."  (Doc. # 1 at 2.)  Plaintiffs filed the instant Motion on February 11, 2013, seeking remand of the case as well as an award of costs and attorney fees incurred in preparing the instant motion.  (Doc. # 13.)

## II.  FEDERAL QUESTION JURISDICTION

For a case to be removable from state court, the federal court must have jurisdiction.  *See* 28 U.S.C. § 1441 (generally identifying removable actions).  The Court is obligated to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  In an action removed from state court by a defendant on federal question grounds, a defendant bears the burden of establishing that removal was proper on this basis. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003).  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction, *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974), and the Court must therefore strictly construe the federal removal statute.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  A case arises under federal law "when the plaintiff's statement of his own cause of action shows that it is based on federal law."  *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (internal citations omitted).  However, a plaintiff may not avoid federal jurisdiction by invoking only state law when federal questions are "essential" to the asserted claims.  *Id.* at 1203 (internal citations

omitted). Thus, federal question jurisdiction may be proper where state law claims implicate significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

### III. ANALYSIS

In his Notice of Removal, Defendant Meyers asserts that Plaintiffs' Complaint raises two federal questions: (1) whether Defendants complied with the Franchise Rule promulgated by the Federal Trade Commission ("FTC") and (2) whether Defendants violated federal laws prohibiting fraud and racketeering. (Doc. # 1, ¶¶ 10, 16.) At the outset, the Court notes that at least three judges in this District have examined virtually identical notices of removal in related cases and *sua sponte* remanded the cases for lack of subject matter jurisdiction. *See Ranjer Foods LLC v. QFA Royalties LLC*, No. 13-cv-00256, 2013 WL 489160 (D. Colo. Feb. 8, 2013) (J. Brimmer); *Viadeli, Inc., et al. v. QFA Royalties LLC*, Case No. 13-cv-00264 (Doc. # 11) (D. Colo. Feb. 11, 2013) (J. Krieger); *Sweet Pickle, Inc. v. QFA Royalties LLC*, No. 13-cv-00255 (Doc. # 17) (D. Colo. Feb. 12, 2013) (J. Martinez).

First, Defendant Meyers contends that Plaintiffs' claims turn on whether the Uniform Offering Circular ("UOC") that Quiznos provided to Plaintiffs is deceptive. (Doc. # 1, ¶ 9.) Defendant Meyers points out that the sale of franchises is regulated by the Federal Trade Commission ("FTC"), and the FTC's Franchise Rule, codified at 16 C.F.R. § 436. (*Id.*, ¶ 10.) Thus, Defendant Meyers argues that any challenge to the UOC will require "an analysis of the FTC Franchise Rule, which describes materiality in this context and governs what a franchisor can, and cannot, say to prospective franchisees." (*Id.*, ¶ 14.)

As have the other courts in this District, the Court disagrees with Defendant Meyers.  Judge Brimmer explained in *Ranjer Foods* that:

> there is no private right of action to enforce the FTC Act or its implementing regulations.  The absence of a private right of action is evidence that Congress did not intend for the Franchise Rule to serve as the basis for federal jurisdiction in a private lawsuit.  Moreover, extending federal jurisdiction to all suits where federally-regulated communications or activities are at issue would almost certainly materially affect, or threaten to affect, the normal currents of litigation.

2013 WL 489160, at *3 (internal citations, quotations omitted).  Thus, the Court finds that Plaintiffs' claims "do not raise a substantial federal issue under the FTC Franchise Rule."  *Viadeli, Inc.*, No. 13-cv-00264 (Doc. # 11 at 4.)

Next, Defendant Meyers' argues that Plaintiffs' COCCA claims raise federal questions because an "essential" element of those claims requires proof that the Defendants committed federal crimes.  (Doc. # 1, ¶¶ 15-16.)  COCCA makes it unlawful for "any person employed by, or associated with, any enterprise to knowingly conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt."  Colo. Rev. Stat. § 18-17-104(3). A "[p]attern or racketeering activity means engaging in at least two acts of racketeering activity which are related to the conduct of the enterprise."  *Id.* at § 18-17-103(3). Plaintiffs' Complaint alleges that Defendants committed several state and federal crimes.  (Doc. # 1, ¶ 15.)

"The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Viadeli, Inc.*, No. 13-cv-00264 (Doc. # 11 at 5) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). Rather, the relevant question is whether the state law claim raises a federal issue that

a federal court may entertain without disturbing congressional intent regarding the balance of federal and state judicial responsibilities. *Id.* (citing *Grable & Sons*, 545 U.S. at 314. Thus, the Court "must focus on whether Congress evidenced intent to provide a federal forum to resolve the dispute." *Id.*

The Court again agrees with the other courts in this District that have found that COCCA claims do not invoke the Court's jurisdiction under 28 U.S.C. § 1331. As Judge Krieger stated:

> [T]he federal issue presented as an element of the COCCA claims is insufficient to confer federal question jurisdiction. The Plaintiffs allege that the Defendants violated various sections of the federal criminal code, none of which confer a private cause of action. Instead, the violations of federal law are simply applied as an element of the state-law claims. This does not present a substantial question of federal law.
>
> . . .
>
> Moreover, the Court finds that exercising jurisdiction over a COCCA claim on the basis that the predicate acts implicate federal issues would invite a horde of removal cases that raise the same kinds of claims, or similar claims that have embedded federal issues. In light of considerations of the federal system and the separation-of-powers, the Court finds that this case presents the kind of situation where it must restrain from exercising its jurisdiction.

No. 13-cv-00264 (Doc. # 11 at 6); *see also Meinders v. REFCO Sec., Inc.*, 865 F. Supp. 721, 723 (D. Colo. 1994) ("Given the limited purpose for which violations of federal law are asserted in this case, the presence of the claimed violation of federal law as an element of the COCCA claim is not sufficiently substantial to confer federal-question jurisdiction."). Thus, the Court finds that Plaintiffs' COCCA claims do not raise federal questions sufficient to confer the Court with federal question jurisdiction over this case.

## IV. **CONCLUSION**

Accordingly, it is ORDERED that Plaintiffs' Motion to Remand (Doc. # 13) is GRANTED.

It is FURTHER ORDERED that this case shall be REMANDED to the District Court for the City and County of Denver, Colorado.

Plaintiffs also request that they be awarded their costs and attorneys' fees incurred in connection with the instant Motion pursuant to 28 U.S.C. § 1447(c). However, Plaintiffs have not provided the necessary information that the Court would need to impose costs and/or attorneys' fees. *See* D.C.COLO.LCivR 54.3 (explaining what is required to bring a motion for attorneys' fees). Thus, Plaintiffs' request for costs and attorneys' fees is DENIED WITHOUT PREJUDICE.

If they so desire, Plaintiffs shall have 14 days from the date of this Order to file a motion for attorneys' fees that demonstrates they are entitled to such fees and that such fees are reasonable. Defendants shall then have 14 days from service of that motion to file a response.

DATED:  February __13__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge