**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00263-CMA-CBS

MB LIGHT HOUSE, INC.
MEHRAN BAKHTIARI, and
MEHRDAD BAKHTIARI,

    Plaintiffs,

v.

QFA ROYALTIES LLC;
QUIZNO'S FRANCHISING II LLC;
QCE FINANCE LLC f/k/a QCE Parent LLC;
THE QUIZNO'S MASTER LLC;
QIP HOLDER LLC;
TQSC II LLC f/k/a TQSC LLC;
QCE HOLDING LLC;
QZ FINANCE LLC;
QCE INCENTIVE LLC;
QCE LLC;
QUIZNOS FINANCE LLC;
QAFT, INC.;
AMERICAN FOOD DISTRIBUTORS LLC;
SOURCE ONE DISTRIBUTION LLC f/k/a National Restaurant Supply Distribution LLC;
S&S EQUIPMENT COMPANY LLC;
BA-BING! LLC f/k/a Source One Systems LLC;
CHAIN MANAGEMENT SYSTEMS LLC;
KINETIC SOURCING SOLUTIONS LLC f/k/a U.S. Fulfillment LLC;
CONTINENTAL LENDING GROUP LLC;
CLG LEASING LLC;
THE CERVANTES HOLDING COMPANY;
CERVANTES CAPITAL LLC;
CERVANTES MASTER LLC;
RICHARD E. SCHADEN;
RICHARD F. SCHADEN;
PATRICK E. MEYERS;
STEVEN B. SHAFFER;
AVENUE CAPITAL GROUP, LLC;
SYSTEM SERVICES OF AMERICA, INC. f/k/a McCabe's Quality Foods, Inc.;
SERVICES GROUP OF AMERICA, INC.;

McLANE COMPANY, INC.;
FOOD PERFORMANCE GROUP, INC.;
VISTAR CORPORATION; and
JOHN DOES 1–50.,

    Defendants.

---

## ORDER DENYING ATTORNEY FEES

---

This closed case is before the Court on Plaintiffs' Motion for Attorneys' Fees, (Doc. # 18), pursuant to 28 U.S.C. § 1447(c). Jurisdiction is proper for the limited purpose of determining whether to award attorney fees. *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

### I. BACKGROUND

Plaintiffs commenced this case by filing their Complaint in the Denver District Court on December 19, 2012. (Doc. # 1-1.) In the Complaint, Plaintiffs bring 28 claims for relief under Colorado statutes and common law, including violations of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 08-17-101 *et seq.*, violations of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq.*, violations of the Civil Theft Act, Colo. Rev. Stat. § 18-4-405 *et seq.*, breach of contract, unjust enrichment, fraud, conspiracy, and negligent misrepresentation. (Doc. # 1-1 at 3-4.) That same day, nine other groups of Quiznos' franchisees filed similar complaints in Denver District Court.

On January 31, 2013, Defendant Patrick E. Meyers removed this case, and the other nine similar cases, to federal court based upon federal question subject-matter jurisdiction. (*See Avengers, Inc. et al. v. QFA Royalties, LLC.*, No. 13-cv-00248-MSK;

*Jammu, Inc. et al. v. QFA Royalties*, *LLC*, Civ. No. 13-cv-250-REB; *MMXII, Inc. et al. v. QFA Royalties, LLC*, Civ. No. 13-cv-253-MSK; *Sweet Pickle, Inc. et al. v. QFA Royalties, LLC*, Civ. No. 13-cv-255-WJM; *Ranjer Foods LC, et al. v. QFA Royalties, LLC*, No. 13-cv-00256-PAB; *P&A Subs, Inc. et al. v. QFA Royalties, LLC*, Civ. No. 13-cv-257-RBJ; *MARPA LLC et al. v. QFA Royalties, LLC*, Civ. No. 13-cv-262-MSK; *Viadeli, Inc., et al. v. QFA Royalties, LLC*, Civ. No. 13-cv-264-MSK; *PT Sak, LLC et al. v. QFA Royalties*, *LLC*, Civ. No. 13-cv-265-MSK). On February 8, Judge Brimmer of this District *sua sponte* entered an order remanding one of the ten cases back to Denver District Court. (*Ranjer Foods LC, et al. v. QFA Royalties, LLC, et al.*, No. 13-cv-00256-PAB). On February 11, 2013, Plaintiffs' counsel asked Defendants' counsel to withdraw their remaining nine notices of removal. Reasoning that one judge's remand order does not "mean that the basis for removal is without merit," Defendants' counsel refused. (Doc. # 19 at 3.)[1] Plaintiff's filed a motion to remand the instant case to state court, which this Court granted on February 13, 2013. (Doc. # 18.) Plaintiffs then filed the instant Motion, seeking attorney fees incurred in preparing the motion to remand. (Doc. # 18.)

## II. DISCUSSION

Plaintiffs ask the Court for an award of attorneys' fees and costs incurred as a result of the improper removal of this case, pursuant to 28 U.S.C. § 1447(c).

---

[1] That day, Chief Judge Krieger likewise *sua sponte* remanded two cases before her. (*Viadeli, Inc., et al. v. QFA Royalties, LLC*, Civ. No. 13-cv-264-MSK, Doc. # 11); (*PT Sak, LLC et al. v. QFA Royalties, LLC*, Civ. No. 13-cv-265-MSK, Doc. # 13). The following day, Judge Martinez also sua sponte remanded the case before him. (*Sweet Pickle, Inc. et al. v. QFA Royalties, LLC*, Civ. No. 13-cv-255-WJM, Doc. # 17).

In pertinent part, § 1447(c) states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court considered the policy behind § 1447(c). In doing so, the Court noted as follows:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at 140. The Court further noted, "[a]bsent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

In the instant case, Plaintiffs' argue that removal was unreasonable as evidenced by *sua sponte* remands of the other cases; thus, Plaintiffs argue, Defendants knew or should have known that their position was unreasonable and should have withdrawn their motion. However, even if a similar case was *sua sponte* remanded, this indicates only that removal was not valid, not that it was also unreasonable. Furthermore, Plaintiffs' temporal focus is misplaced -- courts addressing the propriety of removal under § 1447(c) look to whether removal was proper at the time the petition for removal was filed. See *Ruiz v. Farmers Ins. Co.*, 757 F.Supp. 1196, 1197 (D. Kan. 1991) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d. Cir. 1987),

*cert. dismissed*, 484 U.S. 1021 (1988)).  Thus, although ultimately unsuccessful, the Court cannot say that Defendant's attempt to remove this case was unreasonable. *Compare Garrett v. Cook*, 652 F.3d 1249, 1257 (10th Cir. 2011) (affirming attorney fee award where removal was untimely); *Huber-Happy v. Estate of Rankin*, 233 F. App'x 789, 790 (10th Cir. 2007) (order and judgment) (removal of probate case, which clearly arose under state law, by *pro se* defendant who was an attorney, was unreasonable); *with Doe v. Sunflower Farmer Markets, Inc.*, 831 F.Supp.2d 1276, 1283 (D.N.M. 2011) (removal was not unreasonable where unsettled law formed basis of removal)

### III. CONCLUSION

Accordingly, it is ORDERED that Plaintiffs' Motion for Attorneys' Fees, (Doc. # 18) is DENIED.

DATED:  July 9, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge